**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 112468

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FameFlynet, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Gannett Satellite Information Network, LLC d/b/a Gannett Media Technologies International, Inc.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT** |

FameFlynet, Inc. ("FFN") ("*Plaintiff*"), by and through their undersigned counsel, for their Complaint against Gannett Satellite Information Network, Inc. d/b/a Gannett Media Technologies International, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.   This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services, and owns the rights to photographs featuring celebrities that they license to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

1

2. Defendant owns and operates the following websites: www.azcentral.com, www.9news.com, www.usatoday.com, and www.usaweekend.com, www.wkyc.com (the websites are collectively referred to herein as the "*Websites*"). Without permission or authorization from Plaintiff, Defendant actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Websites and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendant Gannett Satellite Information Network, LLC d/b/a Gannett Media Technologies International, Inc. because Defendant is registered to do business in New York, and thus, has consented to personal jurisdiction in New York.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

7. FFN is a California corporation and maintains its principal place of business in Los Angeles County, California.

8. On information and belief, Defendant Gannett Satellite Information Network, LLC d/b/a Gannett Media Technologies International, Inc. is a Delaware limited liability company that is registered to do business in New York, that maintains its principal place of business in New York, and that is liable and responsible to Plaintiff based on the facts herein alleged.

## **FACTS COMMON TO ALL COUNTS**

9. The Websites are popular and lucrative enterprises that purposefully display celebrity and news photographs, including Plaintiff's copyrighted photographs.

10. The Websites are monetized in that they contain paid advertisements and/or sell subscriptions to the public and, on information and belief, Defendant profit from these activities.

11. On information and belief, Defendant take an active and pervasive role in the content posted on its Websites, including, but not limited to, copying, posting, selecting, commenting on and displaying photographs.

12. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

13. Defendant does not qualify for the DMCA safe-harbor in that it has not adopted a policy that provides for the termination in appropriate circumstances of subscribers and account holders of Defendant's system or network who are repeat infringers.

14. Defendant does not qualify for the DMCA safe-harbor in that it has not reasonably implemented a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers.

15. Defendant does not qualify for the DMCA safe-harbor in that it has not adopted and reasonably implemented, or informed subscribers and account holders of, a service provider's policy providing for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers.

16. Defendant does not qualify for the DMCA safe-harbor in that it does not accommodate and/or interferes with standard technical measures.

17. Defendant has the legal right and practicable ability to control and limit the infringing activities on the Websites and exercised, and/or had the ability to exercise, such right, which, on information and belief, is evidenced by the following:

(a) Defendant's employees and agents had complete control over and actively reviewed and monitored the content posted on the Websites.

(b) Defendant admits that it monitors the content on its Websites.

(c)   Defendant's employees and agents actively review, modify and delete or "cleaned" postings, articles, and threads from the Websites.

## FIRST COUNT
*Direct Copyright Infringement, Violation of 17 U.S.C. §§ 106(1)-(5)*

18.   Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

19.   On information and belief, Plaintiff's photographs, as set forth in Exhibit "1" ("*Direct Photograph(s)*") were copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively referred to as the "*Direct Infringement(s)*").

20.   Each listed Direct Infringement listed in Exhibit "1" contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and, therefore, constitutes a specific item of infringement.

21.   Each of the Direct Photographs is an original, creative work in which Plaintiff owns valid copyrights, properly registered with the United States Copyright Office.

22.   Plaintiff has not licensed Defendant the right to use the Direct Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

23.   Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed the Direct Photographs copyrighted by Plaintiff, thereby violating Plaintiff's exclusive rights in their copyrights.

24.   Each listed Direct Infringement in Exhibit "1" is an exact copy of one of Plaintiff's original images that was directly copied, displayed and/or stored by Defendant on the Websites.

25.   Each Direct Infringement listed in Exhibit "1" constitutes a separate and distinct act of infringement by Defendant.

26.   Defendant's reproduction and/or display of the Direct Photographs on the Websites constitute willful copyright infringement.

27.     On information and belief, a large number people have viewed the unlawful copies of the Direct Photographs on the Websites.

28.     None of the Direct Infringements at issue in this Complaint were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

29.     Alternatively, on information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Direct Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities, including the specific Direct Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Direct Infringements on the part of Defendant.

30.     On information and belief, Defendant engaged in the Direct Infringements knowingly and in violation of applicable United States Copyright Laws.

31.     On information and belief, Defendant possessed "red flag" knowledge of the Direct Infringements and failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

(a)     Defendant's employees and agents created, posted, authored, participated in, and commented on "threads," postings, or articles similar to and including those featuring Plaintiff' copyrighted Direct Photographs;

(b)     Defendant's employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles, and threads similar to and including those featuring Plaintiff's copyrighted Direct Photographs;

(c)     Many of the Direct Photographs are readily identifiable as copyright-protected as they contain copyright watermarks on the image, thereby making Defendant's infringement willful as a matter of law.

32.     On information and belief, Defendant has received a financial benefit directly attributable to the Direct Infringements.

33.     Specifically, as a result of the Direct Infringements, Defendant experienced increased traffic to the Websites and, in turn, realized an increase in its advertising revenues, fees paid by sponsors, brand awareness, partnership opportunities, readership and viewership base, and subscription sales. *17 U.S.C. §512(c)(1)(B).*

34.     On information and belief, a large number of people have viewed the unlawful copies of the Direct Infringements on the Websites.

35. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement.

## SECOND COUNT
### (Direct Copyright Infringement, Violation of 17 U.S.C. §§ 106(4)-(5)

36. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

37. On information and belief, some of Plaintiff's images were not stored directly on Defendant's servers but were performed publicly on Defendant's Websites by means of hyperlinking. Each of the photographs as set forth in Exhibit "2" ("*Hyperlinked Photograph(s)*"), were published on the Websites by computer instructions identifying the electronic location of where the Hyperlinked Photographs were stored and how to display them.

38. Each Hyperlinked Photograph set forth in Exhibit "2" also lists a URL for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and, therefore, constitutes a specific item of infringement (*"Hyperlinked Infringement(s)"*).

39. Each of the Hyperlinked Photographs is an original, creative work in which Plaintiff own a valid copyright, properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendant the right to use the Hyperlinked Photographs in any manner, nor has Plaintiff assigned any of their exclusive rights in the copyrights to Defendant.

41. Until recently, federal district courts and the Ninth Circuit have held that hyperlinking cannot constitute direct copyright infringement because there is no copying. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1161 (9th Cir.2007); *MyPlayCity, Inc. v. Conduit Ltd.*, 2012 WL 1107648, at *12 (S.D.N.Y. Mar. 30, 2012); *Pearson Educ., Inc. v. Ishayev*, 963 F.Supp.2d 239 (S.D.N.Y. 2013); *Bernstein v. J.C. Penney, Inc.*, 1998 WL 906644, at *1 (C.D.Cal. 1998); *Online Policy Group v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1202 n. 12 (N.D.Cal.2004).

42. However, in 2014, the United States Supreme Court held that under the

Transmit Clause of the Copyright Act, a copyright owner has the exclusive right to transmit or otherwise communicate a performance of a copyrighted work to the public, by means of any device or process, whether the members of the public capable of receiving the performance receive it in the same place or in separate places, and at the same time or at different times. *See, e.g., American Broadcasting Companies, Inc. v. Aereo, Inc.*, 134 S.Ct. 2498, 2503, 189 L.ed.2s 476 (2014); 17 U.S.C. §§ 101 and 106(4).

43. An entity "performs" a work publicly when it transmits a performance of the work to the public. *Id.*

44. Use of remote technology and data streams constitutes public performance of copyrighted works prohibited by the Copyright Act. *Id.*

45. Defendant "performed" the Hyperlinked Photographs by seamlessly displaying and transmitting the Hyperlinked Photographs on the Websites without permission or authorization from Plaintiff, in willful violation of Plaintiff's rights under 17 U.S.C. §106(4) and (5).

46. The Hyperlinked Photographs were improperly and illegally transmitted and performed to the public, thereby violating Plaintiff's exclusive rights in their copyrights.

47. On information and belief, Defendant has received a financial benefit directly attributable to the Hyperlinked Infringements.

48. Specifically, as a result of the Hyperlinked Infringements, Defendant experienced increased traffic to the Websites and, in turn, realized an increase in its advertising revenues, fees paid by sponsors, brand awareness, partnership opportunities, readership and viewership base, and subscription sales. *17 U.S.C. §512(c)(1)(B).*

49. On information and belief, a large number of people have viewed the unlawful copies of the Hyperlinked Infringements on the Websites.

50. On information and belief, Defendant possessed "red flag" knowledge of the Hyperlinked Infringements and failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

    (d) Defendant's employees and agents created, posted, authored, participated in, and commented on "threads," postings, or articles similar to and including those featuring Plaintiff' copyrighted Hyperlinked Photographs;

    (e) Defendant's employees and agents actively reviewed, monitored, commented

        on, deleted and "cleaned" postings, articles, and threads similar to and including those featuring Plaintiff's copyrighted Hyperlinked Photographs;

(f)     Many of the Hyperlinked Photographs are readily identifiable as copyright protected as they contain copyright watermarks on the image, thereby making Defendant's infringement willful as a matter of law.

51.     As a direct and proximate result of Defendant's misconduct in performing the Hyperlinked Photographs Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c).

## THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

52.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

53.     Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Direct and Hyperlinked Infringements.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Direct Photographs and Hyperlinked Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.     Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per Direct Infringement; and

    b.     A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c.     Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.     Plaintiff's costs;

    e.     Together with such other relief that the Court determines is just and proper.

DATED: January 9, 2017

                                      **SANDERS LAW, PLLC**

                                      _/s/ Craig B. Sanders_____
                                      Craig B. Sanders, Esq. (CS4163)
                                      100 Garden City Plaza, Suite 500
                                      Garden City, New York 11530
                                      Tel: (516) 203-7600
                                      Fax: (516) 281-7601
                                      csanders@sanderslawpllc.com

                                      *Attorneys for Plaintiff*
                                      File No.:112468